UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC                    Case No. 18-16248-BKC-MAM

    Debtor.                                Chapter 7
_____/

ROBERT C. FURR not individually but
as Chapter 7 Trustee of the estate of the      Adv. Proc. No. 22-01031-MAM
Substantively Consolidated Debtors,
Chance & Anthem, LLC, Sovereign
Gaming & Entertainment, LLC,
Florida's Association of Community
Banks and Credit Unions, Inc., and
Sympatico Equine Rescue, Inc.

    Plaintiff

v.

OPTIMUMBANK, a Florida
corporation,

    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT

Defendant, OPTIMUMBANK, by undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7012(b)), files this motion to dismiss the complaint filed by plaintiff, Robert C. Furr not individually but as Chapter 7 Trustee of the estate of the Substantively Consolidated Debtors, Chance & Anthem, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc. and Sympatico Equine Rescue, Inc. ("Trustee"), and would show the Court as follows:

## INTRODUCTION

In this adversary proceeding, the Trustee seeks to avoid an alleged fraudulent transfer that occurred over eight years ago. The complaint should be dismissed as Plaintiff's allegations establish that the Trustee's fraudulent transfer claims are time-barred pursuant to 11 U.S.C. § 546(a) as this action was commenced over four years after entry of the order for relief in the above-captioned bankruptcy proceeding. Moreover, the Trustee's unjust enrichment claim must be dismissed as the Trustee's allegations demonstrate that it was filed well beyond the four-year statute of limitations for asserting such a claim.

## MOTION TO DISMISS STANDARD

1. Fed. R. Civ. P. 12(b)(6), as made applicable to bankruptcy proceedings by Fed. R. Bank. P. 7012(b), provides a mechanism by which a party may seek to dismiss a complaint for "failure to state a claim upon with relief may be granted."

2. Taking into account the heightened pleading standard set forth by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the United States Bankruptcy Court for the Southern District of Florida has stated:

> In order to survive a motion to dismiss, a plaintiff must allege more than "labels and conclusions," or simply recite the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Aschcroft v. Iqbal*, ____ U.S. ___ 129 S.Ct. 1937, 1949 173 L.Ed.2d 868 (2009). A claim is considered factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Failure to state a claim for relief is a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1270, n. 19 (11th Cir. 2009). The courts have authority to "fully resolve any purely legal question" on a motion to dismiss and consequently, there is no "inherent barrier to reaching the merits [of a claim\ at the 12(b)(6) stage. *Marshall County Health Car Auth v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

*In re all American Semiconductor, Inc.*, 427 B.R. at 564.

{M1877419.1}                                    2

## THE TRUSTEE'S ALLEGATIONS AND MATTERS FROM THE DOCKET

3. "On April 30, 2014, Defendant sold its shares in OB SPV to William Siskind in exchange for payment of $1,000,000.00) Dollars." Complaint, ¶ 18 & Exh. A. The purchase price was paid for by a transfer of $1 Million to Defendant made by Consolidated Debtor, FLACC (the "Transfer") which, in turn, used cash that it obtained from Consolidated Debtor, Sovereign." *Id.*

4. "On January 29, 2018 (the "Petition Date"), the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief …" Complaint, ¶ 18. The filing of the voluntary petition constituted an order for relief pursuant to 11 U.S.C. § 301(b).

5. On January 29, 2018, George W. Liebmann was appointed as interim trustee. D.E. 4.

6. On May 25, 2018, Robert C. Furr was appointed as chapter 7 trustee. D.E. 76.

7. "On January 4, 2021, the Trustee filed an Agreed Motion to Substantively Consolidate [sic] FLACC, Sympatico and Sovereign into the Debtor's bankruptcy Estate." Complaint, ¶ 11.

8. "On January 29, 2021, the Court granted the Subcon Motion." Complaint, ¶ 12

9. The Order granting the Subcon Motion provides that: "Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc. and [sic] Sympatico Equine Rescue, Inc. are substantively consolidated with the Debtor's bankruptcy estate effective as of the Debtor's Petition Date of January 29, 2018." Order [D.E. 300], ¶ 2.

10. On January 31, 2022, the Trustee commenced this adversary proceeding.

## THE TRUSTEE'S CLAIMS ARE TIME BARRED

A. <u>The Fraudulent Transfer Claims are Time-Barred.</u>

11. The Trustee's fraudulent transfer claims are brought pursuant to 11 U.S.C. § 544.

12. 11 U.S.C. § 546 provides, in relevant part, that:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of –

(1) the later of –

(A) 2 years after the entry of the order for relief; or
(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A);

13. An order for relief was entered on January 29, 2018, and a trustee was appointed on the same date. This adversary proceeding was commenced over four years later – on January 31, 2022. Accordingly, the Trustee's fraudulent transfer claims are time-barred pursuant to 11 U.S.C. 546(a) and should be dismissed.

B. The Unjust Enrichment Claim is Time-Barred.

14. The statute of limitations on a claim for unjust enrichment is four years. *Xavier v. Leviev Gymelgreen Marquis Developers, LLC*, 117 So.3d 773, 775 (Fla. 3rd DCA 2012); *Swafford v. Schweitzer*, 906 So.2d 1194, 1195 (Fla. 4th DCA 2005); *Flatiorns Bank v. Alan W. Steinberg L.P.*, 233 So.3d 1207, 1213 (Fla. 3rd DCA 2017).

15. "The status of limitations for an unjust enrichment claim begins to run at the time the alleged benefit is conferred and received by the defendant." *Flatiorns*, 233 So.3d at 1213 (citing *Beltran v. Miraglia*, 125 So.3d 855, 859 (Fla. 4th DCA 2013); *Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So.2d 571, 577 (Fla. 4th DCA 2006)).

16. In the present matter, the alleged transfer occurred on April 30, 2014. Even if the Trustee is afforded the benefit of tolling pursuant to 11 U.S.C. § 108, the statute of limitations for asserting the unjust enrichment claim ran no later than January 28, 2020. As such, the claim is time-barred and should be dismissed. .

{M1877419.1}                                                4

WHEREFORE, defendant, OPTIMUMBANK, respectfully requests that the Court dismiss the adversary complaint with prejudice and grant such other and further relief as it deems just and proper.

Dated   March 2, 2022					Respectfully submitted,

							JONES WALKER LLP
							*Attorneys for OPTIMUMBANK*
							201 Biscayne Blvd., Suite 2600
							Miami, Florida 33131
							Email:  *sdrobny@joneswalker.com*
							Telephone:  (305) 679-5700
							Facsimile:  (305) 679-5710

							By:   */s/ Stephen P. Drobny*
							        Stephen P. Drobny
							        Florida Bar No. 55732

## CERTIFICATE OF SERVICE

I CERTIFY that on March 2, 2022, a true and correct copy of the foregoing notice was served on all parties listed below via ECF for those parties receiving electronic notice and by first class U.S. mail upon the Debtor.

**Barry P. Gruher**
200 E. Broward Blvd. #1110
Ft. Lauderdale, FL  33301
bgruher@gib-law.com

**Chance & Anthem, LLC**
3445 Santa Barbara Drive
Wellington, FL 33414

**Jeffrey M Siskind**
Attorney for Debtor
3465 Santa Barbara Drive
Wellington, FL 33414

                                              /s/ *Stephen P. Drobny*
                                              Stephen P. Drobny